IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

COREY WARD                                                              PETITIONER

V.                              5:10CV00057 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

...

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Corey Ward. (Docket entry #1). Respondent has filed a Response.[1] (Docket entry #11). Thus, the issues are joined and ready for disposition.

---

[1] On July 14, 2010, the Court requested that Petitioner file a Reply. He elected not to do so. (Docket entry #12).

Before addressing the merits of Petitioner's habeas claims, the Court will review the relevant procedural history giving rise to this action. On January 4, 2010, Petitioner entered an unconditional guilty plea to first-degree discharge of a firearm from a vehicle, a Class-Y Felony,[2] and possession of firearms by a convicted felon, a Class-B felony.[3] (Docket entry #11). Petitioner was sentenced, respectively, to 40 years' imprisonment and 10 years' imprisonment, with the two sentences to run consecutively. Thus, Petitioner received a total sentence of 50 years, less 161 days of jail-time credit. *Id.*

On March 2, 2010, he filed this habeas action in which he argues that his parole eligibility date is incorrect. (Docket entry #1). He asserts that, while the Arkansas Department of Correction ("ADC") told him that he would become parole eligible in September 2021, when he arrived at the Varner Unit the record department erred in adding two years to his parole eligibility date. *Id.*

According to Respondent. Petitioner's claim is not cognizable in a federal habeas action and, even if it were, the claim is without merit. (Docket entry #11).

Because Petitioner's habeas claim clearly is not cognizable in a § 2254 action, the Court need not address the merits of that claim. Accordingly, the Court

---

[2] *See* Ark. Code Ann. § 5-74-107(a)(1).

[3] *See* Ark. Code Ann. § 5-73-103.

recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

Under 28 U.S.C. § 2254(a), a federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States. The Fourteenth Amendment provides, in part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S.Const. Amend. XIV, § 1. Protected Fourteenth Amendment liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The United States Supreme Court has found that the Due Process Clause does *not* create a protected liberty interest in the possibility of parole or release before expiration of a validly imposed sentence. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)(holding "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Moreover, Arkansas statutes do *not* create a liberty interest in parole. *Parker v. Carrothers*, 750 F.2d 653 (8th Cir. 1984); *see also Richmond v. Duke*, 909 F.Supp. 626, 631 (E.D.Ark.1995)("A prisoner committed to the custody of a state penal authority, "can be assured of only one thing-that he will be released

from the State's custody at the end of the term of years specified by the sentencing court" ). Thus, Petitioner has no liberty interest in his parole eligibility date, and he is not entitled to habeas relief on this claim.[4]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254, be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 6th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Although Petitioner is not entitled to relief under 28 U.S.C. § 2254, there could be state-court avenues of relief available; *i.e.*, a petition for declaratory judgment action and a writ of mandamus filed in state court. *See, e.g., Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000)(petition for declaratory judgment and writ of mandamus used to claim entitlement to good-time credits); *Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989)("In the petition [for writ of mandamus and declaratory judgment] the appellant sought to have the Arkansas Department of Correction recalculate his parole eligibility date").